IN RE ASSIGNMENT OF J. H. F. L. E. WEBER; JOHN
V. FARWELL & COMPANY, Interveners, Appel-
lant, v. J. H. F. L. E. WEBER.

2   Assignment for Benefit of Creditors. MORTGAGES BY ASSIGNOR,
given about the time of the assignment and which do not include all
of mortgagor's non exempt property, do not invalidate the assignment
where it is not shown that a general assignment was in contemplation
when the mortgages were made.

1   Appeal to Supreme Court: PARTIAL DISMISSAL. Appellant may
dismiss his appeal from a judgment sustaining a mortgage without
affecting his appeal as to an assignment upheld by the same judg-
ment.

*Appeal from Des Moines District Court.*—HON. JAMES
D. SMYTHE, Judge.

THURSDAY, MAY 17, 1894.

THE interveners, John V. Farwell & Company, seek
to recover of J. H. F. L. E. Weber an amount alleged
to be due for goods sold and delivered to him, and to
subject property which he had mortgaged, and afterward
assigned for the benefit of his creditors, to the payment

of their claim.   Judgment was rendered, denying the interveners relief, as against the assignment, and they appeal.—*Affirmed.*

*Hedge & Blythe* for appellants.

*W. L. Cooper, H. A. Kelly,* and *S. L. Glasgow* for appellee.

Robinson, J.—On the fourteenth day of October, J. H. F. L. E. Weber executed four mortgages on his stock of merchandise, consisting of dry goods. The first of these was in favor of Caroline Huffman, to secure the payment of two thousand dollars; the second was in favor of C. Weber; the third was in favor of J. H. Weber; and the fourth was in favor of Henry Deppy. Each of the last three was given to indemnify the person in whose favor it was given on account of an obligation he had assumed as surety for the mortgagor. The mortgages were delivered to the attorney who had drawn them, at the time they were drawn, and were recorded the sixth day of September, 1890; the first one at 10:15 o'clock A. M., and the others in the order in which they were given, at intervals of five minutes. On the day the mortgages were recorded, the mortgagor made a general assignment of his property, not exempt from execution, for the benefit of his creditors. The instrument of assignment was filed for record fifteen minutes after the last of the four mortgages was recorded, and included all the mortgaged property. The assignee, Charles Blaul, accepted the trust, and at once took possession of the stock of merchandise. Two days later, Farwell & Company commenced their action, aided by attachment, to recover two thousand, one hundred and ninety-one dollars and fifty-one cents, alleged to be due them from the mortgagor, and caused Blaul to be garnished as assignee, and as an individual. That action was afterward consolidated with

the assignment proceedings, and Farwell & Company then filed an amendment to their petition, in the nature of a petition of intervention, in which they alleged that the mortgages were fraudulent, as against them and other creditors of the mortgagor; that the assignment was void as an assignment, and that their attachment lien was paramount to it. The district court adjudged that the assignment, and the mortgage in favor of Mrs. Huffman were valid, and in full force; that the other mortgages created no right or lien, because not accepted by the mortgagees before the assignment was made; and that the interveners were not entitled to any lien or preference by virtue of their attachment proceedings.

I. After the appeal of the interveners was taken, they dismissed so much of it as applied to the Huffman mortgage, and consented that the assignee might discharge it, and the costs and charges incurred on account of it. An order was subsequently made by the district court, authorizing the payment of the mortgage, attorney's fees, and costs, and they were paid as ordered. The assignee urges what was thus done, as a ground for dismissing the appeal. We do not think it is sufficient. The adjudication in favor of the Huffman mortgage was not in favor of appellants, and, by dismissing their appeal as to that, they make their claim and rights in this court the same that they would have been had they appealed only from so much of the judgment adverse to them as did not include the disposition of the Huffman mortgage. The validity of the assignment, and the effect of their proceedings in attachment, remain to be determined.

II. The mortgage to Mrs. Huffman was given at her request, and was delivered to her attorney. The evidence does not make it entirely clear whether the other mortgages were executed at the suggestion of the attorney, or of the mortgagor. Probably, the

weight of the evidence is in favor of the claim of appellee that the attorney suggested that they be given.   He had no authority from the mortgagees to receive them, but had acted as their attorney in other matters, and relied upon his former relations to them, and the fact that it appeared to be to their interest to receive the mortgages, in having them executed.   The mortgagees did not know of them until after the assignment was made.   But we do not deem it important to determine at whose instance the mortgages were made, for the reason that the evidence fails to show that, at the time they were given, a general assignment for the benefit of creditors was intended or contemplated by anyone.   The mortgages did not include all the property of the mortgagor subject to execution, and the last three were not given until several hours after the one to Mrs. Huffman had been completed.   They were made in Wapello, and kept by the attorney who drew them, until the day the assignment was executed in Burlington.   He then called at a law office in that city in which the assignment was at the time being prepared, and it is probable that he knew of it.   But, if that be conceded, it does not show that the assignment was being made pursuant to an understanding had when the mortgages were given.   To succeed, the appellants must have shown that the assignment and the mortgages were, in effect, but parts of a single transaction. *Farwell v. Cunningham*, 86 Iowa, 67, 52 N. W. Rep. 1126, and cases therein cited.   It appears that the mortgages were given in good faith, for a sufficient and valid consideration, and not with the purpose of making a general assignment.   We conclude that the district court rightly held that the assignment was valid, and that the appellants acquired no right by virtue of their attachment.   AFFIRMED.